UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KURT GIES,   CASE NO.: _____

      Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,
a foreign corporation,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, KURT GIES (herein "Plaintiff" or "GIES"), by and through his undersigned counsel, and sues the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., a foreign corporation (herein "Defendant" or "CARNIVAL"), and further states:

## GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section 12C.

2. This cause of action is for damages in excess of $75,000.

3. Pursuant to 28 U.S.C. § 1332, there is diversity of citizenship. Plaintiff is a resident of the State of Florida. Defendant is a Panamanian corporation which is licensed to do business in Florida as a cruise line. This is a maritime cause of action.

4. Plaintiff has complied with all conditions precedent to bringing this cause of action, and/or all conditions precedent have been waived.

## **COUNT ONE - NEGLIGENCE**

5. Plaintiff re-alleges paragraphs 1 through 4 as if restated verbatim.

6. Plaintiff was a passenger on the Defendant's vessel "Legend," which departed Tampa, Florida, on September 25, 2011.

7. On or about September 26, 2011, Plaintiff was involved in the "Hairy Man Contest" on the Lido Pool Deck. In the process, the Defendant, by and through its agents, servants and/or employees, put towels down for the contestants to walk on, for their safety. Defendant, by way of its agents, servants and/or employees, picked these towels up just prior to the contest starting. Thereafter, Defendant, by way of its agents, servants and/or employees, directed Plaintiff to walk across the deck as part of this contest. In the process, Plaintiff came into contact with a portion of the vessel's decking which immediately caused burns to his feet and toes.

8. At all times material, Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

9. Defendant breached its duty of care to the Plaintiff by way of its agents, servants and/or employees, by:

   a. Failing to maintain their floors in a reasonable safe condition, and by creating or allowing to exist for an unreasonable length of time a dangerous condition on the Lido Pool Deck, to wit, flooring that was hot and/or which contained a substance, thereby causing burns to the Plaintiff;

    b.    Failing to implement policies and procedures, or adhere to those policies and procedures, to maintain the floor for the safety of its passengers;

    c.    Utilizing certain floor materials all the while knowing its passengers would be utilizing this decking during the cruise;

    d.    Directing passengers such as the Plaintiff by way of Defendant's agents, servants and/or employees, to walk across flooring all the while knowing this was a dangerous condition;

    e.    Failing to warn Plaintiff of a dangerous condition that was not apparent and obvious;

    f.    Failing to cover the floor with appropriate safeguards about which its passengers could walk, despite its knowledge of the dangerous condition;

    g.    Failing to inspect the flooring to make sure it was properly maintained in a safe condition for its passengers to traverse;

    h.    Failing to hire sufficient personnel to maintain the floors;

    i.    Failing to hire the appropriate personnel to maintain the floors; and/or

    j.    Otherwise acting in a negligent manner with respect to the safety of the Plaintiff.

10. As a result of the foregoing breaches of duty, Plaintiff was seriously injured when he walked across the Defendant's deck and sustained serious burns to his feet and toes.

11. At all times material, Defendant either created the dangerous condition of which Plaintiff complains, and/or the dangerous condition existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous condition and/or Defendant had actual knowledge of the dangerous condition before the incident that caused Plaintiff's serious injuries, and/or other passengers prior to the Plaintiff becoming injured had injured themselves in the same or similar manner.

12. At all times material, Plaintiff was acting with due care for his own safety.

13. At all times material, Defendant was in direct control, through its ownership, possession, management, control and/or maintenance of the Legend, and, specifically, the area where the Plaintiff was seriously injured.

14. As a direct and proximate result of the negligence of Defendant as described herein, Plaintiff was caused to suffer serious injuries to his body; has suffered pain, mental anguish and emotional distress as a result of the serious injuries to his body; incurred medical expenses; suffered physical handicap and a loss of the ability to enjoy life; suffered serious and permanent scarring, disfigurement, and embarrassment; and suffered loss of earnings and loss of ability to earn money. These injuries are permanent and continuing in nature and Plaintiff shall continue to suffer the injuries, damages, and losses in the future. Further, Plaintiff lost the value of his cruise vacation.

**WHEREFORE**, Plaintiff demands judgment for all damages and costs from Defendant, and further demands a trial by jury.

## COUNT TWO – RES IPSA

15. Plaintiff re-alleges paragraphs 1 through 4 as if restated verbatim.

16. Plaintiff was a passenger on the Defendant's vessel "Legend," which departed Tampa, Florida, on September 25, 2011.

17. On or about September 26, 2011, Plaintiff was involved in the "Hairy Man Contest" on the Lido Pool Deck. In the process, Defendant, by way of its agents, servants and/or employees, directed Plaintiff to walk across the deck as part of this contest. In the process, Plaintiff came into contact with a portion of the vessel's decking which immediately caused burns to his feet and toes.

18. At all times material, the Plaintiff was without fault for this incident.

19. At all times material, Defendant was in exclusive control of the decking which caused burns to Plaintiff's feet and toes.

20. The incident that occurred is of a type that ordinarily does not occur in the absence of negligence.

21. As a direct and proximate result of the negligence of Defendant as described herein, Plaintiff was caused to suffer serious injuries to his body; has suffered pain, mental anguish and emotional distress as a result of the serious injuries to his body; incurred medical expenses; suffered physical handicap and a loss of the ability to enjoy life; suffered serious and permanent scarring, disfigurement, and embarrassment; and suffered loss of earnings and loss of ability to earn money. These injuries are permanent and continuing in nature and Plaintiff shall continue to suffer the injuries, damages, and losses in the future. Further, Plaintiff lost the value of his cruise vacation.

**WHEREFORE**, Plaintiff demands judgment for all damages and costs from Defendant, and further demands a trial by jury.

DATED this \_\_\_\_ of August, 2012.

**KLEIN GLASSER PARK LOWE & PELSTRING, P.L.**
Counsel for Plaintiff
Two Datran Center – Suite 1225
9130 S. Dadeland Blvd.
Miami, Florida  33156
Phone: (305) 670-3700
Fax: (305) 670-8592
Email: glasserg@kgplp.com


By:\_\_ /s/ MICHAEL SHELLEY
         MICHAEL SHELLEY
         Fla. Bar No.: 999016
         BRETT A. KAPLAN
         Fla. Bar No. 026301